IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF<br>2007 BMW MODEL 335i CONVERTIBLE | Case No. 2:10-mj-00028 |
| IN THE MATTER OF THE SEIZURE OF<br>PROCEEDS ON DEPOSIT IN ACCOUNT<br>NOS. XXXXXX3002 AND XXXXXX7905,<br>WESBANCO BANK, WHEELING, WV<br>IN THE NAME OF KATHERINE A. HOOVER | Case No. 2:10-mj-00029 |
| IN THE MATTER OF THE SEARCH OF<br>MOUNTAIN MEDICAL CARE CENTER, LLC | Case No. 2:10-mj-00032 |
| IN THE MATTER OF THE SEARCH OF<br>114 WEST SECOND AVENUE, AND<br>ATTACHED BUILDING WILLIAMSON,<br>MINGO CO., WV | Case No. 2:10-mj-00033 |
| IN THE MATTER OF THE SEARCH OF<br>THE BEDROOM OF DR. KATHERINE A. HOOVER<br>LOCATED AT 110 WEST SECOND AVENUE,<br>WILLIAMSON, WV | Case No. 2:10-mj-00035 |
| IN THE MATTER OF THE SEARCH OF THE<br>PATIENT RECORDS LOCATED, ON MARCH 2, 2010,<br>IN A SAFE AT 35 WEST THIRD AVENUE<br>WILLIAMSON, WEST VIRGINIA | Case No. 2:10-mj-00037 |

UNITED STATES RESPONSE TO MOTION FOR AN
UNBIASED TRIBUNAL AND MOTION TO STRIKE

Comes now the United States of America, by Monica K. Schwartz, Assistant United States Attorney for the Southern District of West Virginia, and, by order of this Court dated July 20, 2010, responds to "Movant's Motion for an Unbiased Tribunal" and "Motion to Strike Ms. Schwartz's Response and to Remove Ms. Schwartz and Mr. R. Booth Goodwin from this Case."

COUNT I: BIAS

Movant, pro se, asserts essentially, that she can not fairly be investigated by federal authorities in the Southern District of West Virginia.  Specifically, she "requests that" this Court, (Magistrate Judge Mary Stanley) who issued most of the search and seizure warrants related to Movant, the undersigned Assistant United States Attorney (Monica K. Schwartz) ("AUSA"), who is directing the investigation, the Chief Judge in this district (Joseph R. Goodwin), who has nothing whatsoever to do with Movant's case and R. Booth Goodwin II, the United States Attorney for the Southern District of West Virginia, should "refrain from further dealings with this matter."

Movant refers to "her previous MOTION" which "charged the United States prosecutor and this Court with 1) Fraudulent Seizure Warrant, 2) Lack of Subject Matter Jurisdiction, 3) Fraud by the DEA, FBI and State Police, 4) Bias by Judge Goodwin.  The motion asked this Court to investigate human rights violations of patients and Katherine A. Hoover, M.D.  The Court's order was obviously prejudicial against Katherine A. Hoover M.D." Movant is apparently referring to this Court's order of June 14, 2010, regarding her Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action, filed in Case Number 2:10-mj-00037.  As noted by this Court in its order, Case Number 2:10-mj-00037, related specifically to the seizure of eight patient files from a safe at

2

the Williamson, West Virginia Clinic where Movant was working on March 2, 2010.  Incorporated herein by reference is the Response of the United States to Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action in Case Number 2:10-mj-00037.

Given the parameters of this Court's order of July 20, 2010, the United States responds herewith only to the specific motions referenced therein, i.e.  Movant's Motion to Strike and Motion for an Unbiased Tribunal, filed on July 7, 2010.

To the extent that it is somehow construed that Movant has effectively filed her Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action in cases other than 2:10-mj-00037, the United States reserves the right to respond specifically thereto at a future date.

Movant asserts essentially that this Court, AUSA Schwartz, Chief Judge Goodwin and United States Attorney R. Booth Goodwin II, have a bias against her and/or "physicians in southern West Virginia who illegally prescribe controlled substances."  Movant also cites a February 1, 2008, press release which indicates that Chief Judge Goodwin expressed general concern about the number of physicians in Southern West Virginia who illegally prescribe controlled substances.  (A copy of the press release is attached hereto as Exhibit A.)  Chief Judge Goodwin made these comments in 2008, while imposing a sentence of twelve months and one day in prison and a $5,000 fine, on a physician who had fraudulently

obtained hydrocodone by fraud deception and subterfuge.   Judge Goodwin stated, essentially, that the physician was a common drug dealer who caused thousands of hydrocodone to be distributed to himself and others.   Judge Goodwin's comments in 2008 had nothing to do with Movant's 2010 case.   Moreover, Chief Judge Goodwin has nothing whatsoever to do with Movant's 2010 case.

COUNT II: SUBJECT MATTER JURISDICTION

Movant cites Gonzalez v. Oregon, 546 U.S. 243 (2006), which deals with physician assisted suicide.   Unless Movant contends that she was prescribing controlled substances to assist individuals in committing suicide, it is not clear how Gonzalez v. Oregon is relevant or binding as legal authority.

As set forth in the affidavit pertinent to this matter, which is incorporated herein by reference, Movant is being investigated for various federal crimes including:   conspiracy to distribute controlled substances; distribution of controlled substances; misuse of a Drug Enforcement Administration ("DEA") number; obtaining by fraud; aiding and abetting; and health care fraud.

Even, assuming arguendo, that Movant is correct that Oregon v. Gonzalez somehow precludes an investigation of the medical necessity or propriety of her actual distribution of controlled substances, it certainly does not circumscribe, in any way, an investigation of her other apparent crimes, e.g., illegally

4

allowing others to utilize her DEA registration number to distribute controlled substances; and health care fraud.

Additionally, Movant asserts that the United States lacks subject matter jurisdiction in this proceeding because:

> "every patient signed an agreement with the practice to use their medications legally and the federal government has no subject matter jurisdiction in civil contract law.  If there is any misuse of drugs, law enforcement can take action against the individuals, not the doctor.  (W.Va. Law Article 4 S 60-4-410 [sic])."

Therefore, Movant asserts that the United States had no legal standing to investigate the practice at 35 West Third Ave., Williamson, West Virginia."  This argument lacks merit.  West Virginia Code § 60A-4-410, "Prohibited acts—withholding information from practitioner, additional controlled substances; penalties." provides as follows:

> (a) It is unlawful for a patient, in an attempt to obtain a prescription for a controlled substance, to knowingly withhold from a practitioner, that the patient has obtained a prescription for a controlled substance of the same or similar therapeutic use in a concurrent time period from another practitioner.
> (b) Any person who violates this section is guilty of a misdemeanor and, upon conviction thereof, may be confined in jail for not more than nine months, or fined not more than $2,500, or both fined and confined.
> (c) The offense established by this section is in addition to and a separate and distinct offense from any other offense set forth in this code.

This provision makes it a crime in West Virginia for a patient, who is trying to get a controlled substance prescription, to fail to disclose that the patient already has such a precription from another doctor.

Even assuming arguendo, that every patient signed an agreement, as indicated by Movant, that would not absolve Movant and others who worked with her from potential federal criminal, civil, and administrative liability.  Again, Movant has cited no binding legal authority to support her position.  The United States, on the other hand set forth applicable federal statutes and authorities in its search and/or seizure application and affidavit in this matter, all of which are incorporated herein by reference.

Movant complains that the undersigned AUSA United States Attorney "badgered" her "to plead guilty."  As is obvious from the fact that Movant has not entered into a guilty plea agreement she has not been "badgered" into one.

<u>Movant's Motion to Strike</u>

Movant asserts that she was not provided with proper notice or case numbers.

1.   Case Number 2:10-mj-00028 pertains to a 2007 BMW convertible which has not been seized.  Clearly Movant is aware of the case number as she has filed motions in said proceeding.

2.   Case Number 2:10-mj-00029 relates to Movant's Wesbanco accounts, which were seized on or about March 2, 2010.  A copy of

the warrant and inventory were provided to the bank on March 2, 2010.  The Return on the warrant was publicly filed on March 30, 2010.  Additionally, notice was provided to Movant by the FBI regarding the seizure and potential forfeiture of these accounts as follows:

a.   Ad Publication in the Wall Street Journal on April 30, 2010.

b.   Notice by certified mail to Wesbanco on April 14, 2010, return receipt dated April 16, 2010.

c.   Notice by certified mail to Katherine Anne Hoover at RR 2 Box 203, Lost Creek, West Virginia 26385 on April 14, 2010, return receipt dated May 8, 2010 and again on May 13, 2010, return receipt dated June 2, 2010.

d.   Notice to 110 West Second Avenue, Williamson, West Virginia 25661 by certified mail on April 14, 2010, return receipt dated May 7, 2010.

e.   Notice by certified mail to John F. Tomasic at RR 2 Box 203, Lost Creek, West Virginia 26385-9618 on April 14, 2010, return receipt dated May 7, 2010.

Movant filed a claim with the FBI regarding these accounts on May 15, 2010.  It was deemed deficient.  Movant filed another claim on June 14, 2010.  It has been determined to be valid.

3.   Case No. 2:10-mj-00032 deals with the search of Mountain Medical Care Center, LLC [the Williamson, West Virginia clinic

where Movant was present on March 2, 2010 when the search was executed].   Movant engaged in lengthy interviews with the investigators at the scene.  A copy of the Inventory was left at the scene with Myra Miller, an employee of the clinic, at the completion of the search.  Documents were publicly filed on March 31, 2010.

4.   Case Number 2:10-mj-00033 relates to the March 2, 2010 search of 114 West Second Avenue, Williamson, West Virginia, which is property of Dr. Diane E. Shafer.  A copy of the warrant and inventory were left with Dr. Shafer at the completion of the search.  Documents were publicly filed on March 31, 2010.

5.   Case Number 2:10-mj-00035 relates to the search of the bedroom used by Movant at 110 West Second Avenue, Williamson, West Virginia.  A copy of the warrant and the inventory were left in the room at the completion of the search (Two Thousand Nine Hundred and Two dollars in US currency was seized).  Documents were publicly filed April 1, 2010.  Movant has filed a claim with the Federal Bureau of Investigation (FBI) regarding those funds.

6.   Case Number 2:10-mj-00037 relates to the search of patient records located in a safe at 35 West Third Avenue (the location where Movant was working at the time of the search).  A copy of the warrant and inventory were left with Myra Miller on March 2, 2010.  Documents were publicly filed on April 1, 2010.

Thus, the United States has complied with its obligations regarding notice.

Movant cites "Criminal No. 2:99-00012-01, 02, 10 cited in Berger v. United States, 295 U.S. 78, 88 (1935)," a case that she alleges "involved Ms. Schwartz and the cover up of fraud."  The United States assumes that she is actually referring, at least in part, to the case of United States v. Calvin Dyess et al., Criminal Number 2:99-cr-00012.  That case involved the fact that the case agent was discovered to have had a sexual relationship with Calvin Dyess' wife, Ursala Dyess, who was herself a named defendant in the case.  Ursala was prosecuted as a result of involvement in her husband's conspiracy.  The case agent later married Ursala.  When they divorced, Ursala come forward to reveal that she had been sexually involved with the case agent during her prosecution and when she was a witness against Calvin Dyess, and others, who had appeals pending at the time of her revelation.  It was in fact, the undersigned AUSA who disclosed the sexual affair to the Court.  While it is true that the undersigned AUSA, who was a potential witness in the case, and the United States Attorney's Office for the Southern District of West Virginia were recused in that matter, Judge Haden, specifically stated in his opinion that:

> "The Court should emphasize that at this time there are no allegations of improprieties or misconduct by the US Attorney's Office, in general, or by Ms. Schwartz, in particular. The Court's action is not predicated on such wrongdoing, or even the possibility of such

wrongdoing.      Not   impropriety,    but    the
potential appearance of impropriety motivates
the decision."

Movant alleges various ethical violations by this Court, the
undersigned AUSA, Chief Judge Joseph R. Goodwin and United States
Attorney R. Booth Goodwin II, all of which are without merit, as
are her other arguments.

Wherefore,   the   United   States   respectfully   requests   that
Movant's "Motion for an Unbiased Tribunal" and her "Motion to
Strike Ms. Schwartz's Response and to Remove Ms. Schwartz and Mr.
R. Booth Goodwin from this Case" be denied.

R. BOOTH GOODWIN II
United States Attorney


By:  S/Monica K. Schwartz
     MONICA K. SCHWARTZ Bar Number: 4938
     Assistant U.S. Attorney
     P.O. Box 1713
     Charleston, WV  25326
     Telephone:  (304) 345-2200
     Fax:  (304) 347-5104
     E-mail: monica.schwartz@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "United States Response to "Motion for an Unbiased Tribunal and Motion to Strike" has been electronically filed and service has been made on Movant by facsimile this the 11th day of August, 2010, to:

Katherine A. Hoover, M.D.
c/o Dr. Norman Gay
247 West Bay Street
Nassau, Bahamas
Fax: (242)328-4014


S/Monica K. Schwartz
MONICA K. SCHWARTZ Bar Number: 4938
Assistant U.S. Attorney
P.O. Box 1713
Charleston, WV  25326
Telephone:  (304) 345-2200
Fax:  (304) 347-5104
E-mail: monica.schwartz@usdoj.gov